**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re**<br><br>**Changar Realty Corp**<br><br>**Debtor.** | ) | **Case No.:24-11350 JPM**<br><br>**Chapter 11** |
| Changar Realty Corp.<br><br>Plaintiff<br><br>-against-<br><br>DIAZ & ASSOCIATES REALTY, INC.,<br>KARSON DEVELOPMENT GROUP LLC.,<br>and IVAN DIAZ,,<br><br>Defendants. | ) | |

## COMPLAINT FOR DAMAGES

1. Debtor Changar Realty Corp (Changer) brings this adversary proceeding against Diaz & Associates Realty, Inc., Karson Development Group LLC, and Ivan Diaz for breach of contract, misrepresentation, fraud, and business interference.

## JURISDICTION AND VENUE

2. This court has jurisdiction of this adversary proceeding under 28 U.S.C. 157 (a)-(b) and 1334 (b).
3. Venue is proper in this court under 28 U.S.C. 1409(a) because this proceeding is related to the above-referenced bankruptcy case, currently pending in the United States Bankruptcy Court for the Southern District of New York.

4. This adversary proceeding is a core proceeding because it concerns actual monetary damages to the Debtor.

**PARTIES**

5. **CHANGAR REALTY CORP**. (the "Debtor") is a debtor in the above referenced bankruptcy proceeding and a resident of New York, New York.

6. **Diaz and Associates Realty, Inc**., ("Diaz & Ass.") is a New York corporation with a principal place of business located at 8 Duck Pond Road, Alpine, NJ 07620.

7. **Karson Development Group LLC**., (" Karson") is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 8 Duck Pond Road, Alpine, NJ 07620.

8. Ivan Diaz on information on behalf, is a New York State resident, and the President of Diaz and Associate, with a place of business at 8 Duck Pond Road, Alpine, NJ 07620 state of New York Realty Company.

**BACKGROUND ALLEGEATIONS**

9. That on or about March 17, 2023 Debtor and Defendants entered into an agreement (The "Agreement") where Defendants agreed to develop Debtor's property located at 1704-1717 University Avenue, Bronx, N.Y, 10453. A copy of the Agreement is annexed hereto as Exhibit "A."

10. According to the Agreement, Defendants were to pay Debtor an initial contribution of fifty-thousand dollars ($50,000.00) non- refundable deposit payable to Debtor upon execution of the Agreement (the "Contribution").

11. That according to the Agreement, upon payment of the contribution by Defendants, and the immediate execution of the Agreement, the Property was to be transferred into a joint venture entity jointly owned and controlled by Debtor and the Defendants.

12. The new joint venture entity, jointly owned and controlled by Debtor and the defendants, would then proceed to develop the Property into a 70-90 residential real estate project.

13. That the Agreement was executed but Defendants never made the obligatory Contribution.

14. That Defendants wrongfully mispresented that the Agreement was binding even without the condition- precedent Contribution.

15. That Defendnats began to interfere with the approximate 20 commercial stores on the Premises, and misrepresent ownership of the Property, to the point where the stores stopped paying rent.

16. As a result, Debtor lacked the rental income to satisfy the mortgage, utilities, and other expenses.

17. That as result of the foregoing, the mortgage company began legal action against the Debtor, and the condition of the Property deteriorated.

18. That prior to the interference by Defendants and Debtor's management of the Property, Debtor managed to collect rent, pay the mortgage, utilities, and other management related expenses.

19. But for the interference by Defendants with the Property and the 20 or so commercial tenants, Debtor would not have been placed in foreclosure, nor file the Chapter 11 petition.

20. That Diaz and Association, was listed in Debtor schedule and received notice of Debtor's bankruptcy filing, but decided not to file a proof of claim.
21. That the value of the Property has deteriorated to the point where it is now worth less than the sum of liabilities.

**WHEREFORE,** CHANGAR REALTY CORP demands judgment and prays that this court:

(1) Declare judgment against each defendant for breach of contract, fraud, and misrepresentation, and business interference;

(2) Award Debtor monetary compensation as damages to Debtor, the estate, and creditors of the estate, and

(3) Award such other and further relief as is just and equitable.

Dated: New York, New York
January 5, 2026

/s/ Manuel D. Gomez
MANUEL D. GOMEZ, ESQ.
Attorney for Debtor
Changar Realty Corp.
225 Broadway Suite 900
New York, New York 10007
(212) 571-2640
manueldgomezesq@gmail.com